IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KYLE LEE STACY, on his own behalf and on behalf of a class of those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-00705 |
| DELAWARE COUNTY SHERIFF, in his official capacity, | ) ) ) ) | |
| Defendant. | ) ) | COMPLAINT – CLASS ACTION |

**VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND INDIVIDUAL DAMAGES**

**Introductory Statement**

1. Inmates of the Delaware County Jail ("the Jail"), which is operated by the Delaware County Sheriff ("the Sheriff"), are prohibited from receiving books at the facility, even when those books are sent directly from a publisher or distributor. For a variety of reasons, the alternatives offered by the Sheriff do not afford inmates of the Jail meaningful access to literature on many topics of general interest. Kyle Lee Stacy is an inmate of the Jail who wishes to receive books pertaining to psychology, to the law, or to other issues, but has been repeatedly informed that he may not receive these materials. The prohibition on inmate receipt of books violates the First Amendment to the United States Constitution. Prompt declaratory and injunctive relief should be awarded in favor of Mr. Stacy and a class of inmates of the Jail. Mr. Stacy is also entitled to his individual damages.

**Jurisdiction, Venue, and Cause of Action**

2. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

1

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.  Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States, as well as under Indiana law.

**Parties**

6.  Kyle Lee Stacy is an adult individual currently incarcerated in the Delaware County Jail.

7.  The Delaware County Sheriff is the duly elected sheriff of Delaware County, Indiana. He is sued in his official capacity.

**Class Action Allegations**

8.  This action is brought by Kyle Lee Stacy on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

9.  The class is defined as follows:

    All persons currently confined, or who will in the future be confined, in the Delaware County Jail.

10. All the requirements of Rule 23(a) are met in this cause in that:

    a.  The class is so numerous that joinder of all members is impractical. The website of the Delaware County Sheriff indicates that "[t]he Delaware County Jail averages a daily population ranging from 260 to nearly 300" inmates. *See* Delaware Cty. Sheriff, *About the Jail*, at https://www.delawarecountysheriff.org/jail/about-the-jail (last visited Apr. 16, 2024). It appears, however, that this information may be outdated, as local media reported that the population of the jail rose significantly after the current facility was opened in early 2021, and that 392 inmates were incarcerated in the jail as of January 2022. *See* David Penticuff, *Inmate population rises as prisoner space increases with new Delaware County jail*, Muncie Star Press, Jan. 31, 2022, at https://www.thestarpress.com/story/news/local/2022/01/31/delaware-county-jail-inmate-population-increases-new-facility/9245589002 (last visited Apr. 16, 2024). Moreover, the membership of the proposed class is constantly changing as prisoners enter and leave the facility.

      b.      There are questions of law or fact common to the class: whether jail policies concerning inmate receipt of books violate the First Amendment to the United States Constitution.

      c.      The claims of the representative party are typical of those of the class.

      d.      The representative party will fairly and adequately protect the interests of the class.

11.    The further requirements of Rule 23(b)(2) are met in this cause as at all times the defendant has acted or refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

12.    Undersigned counsel is an appropriate person to be appointed as counsel for the class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and should be so appointed.

**Factual Allegations**

13.    The Delaware County Jail ("the Jail") houses hundreds of pretrial detainees and convicted inmates in Muncie, Indiana.

14.    Kyle Lee Stacy is an inmate of the Jail. He has been incarcerated in the Jail since on or about November 16, 2023.

15.    The Jail contains several separate housing units that are referenced as "pods." The pod on which Mr. Stacy is currently housed contains eight cells, each of which houses four inmates. Since Mr. Stacy has been housed on that pod, between 27 and 32 persons have been housed on the pod at any one time.

16.    The Jail makes electronic tablets available to inmates, which inmates may then use to play music or games, to read certain literature or the news, or for other purposes. Some uses of the tablet are free of charge while others are available only for purchase.

17.    However, inmates are not provided with individual tablets. Instead, the Jail makes available on each pod a number of tablets approximately equal to the number of cells on that pod.

This means that, on Mr. Stacy's current pod, only eight tablets are available for inmate use, and these eight tablets must be shared amongst the thirty or so inmates housed on that pod.

18. Given the limited number of tablets available on each pod, possession and use of the tablets is extremely competitive. On occasion, tablet use will be largely monopolized by certain inmates, and other inmates will not have regular access to a tablet or will have access to a tablet for only a short period of time.

19. The Jail subscribes to, or has entered into a contract for the use of, the Ameelio application or "app." Ameelio is a nonprofit organization, founded in 2020, that allows friends and family members of inmates to send letters, text messages, photographs, or other materials to inmates of the Jail. These materials are generally printed by Ameelio and mailed to an inmate at the Jail. Having materials printed and mailed by Ameelio reduces if not eliminates the risk that the Jail's mail system will be used to traffic contraband to inmates.

20. Many inmates desire to obtain and possess books and other reading material while incarcerated at the Jail. Being able to access books offers inmates a chance to learn, to explore their interests, to reflect upon their own lives, and to connect with society to some extent. It also enables inmates to pass the time while incarcerated when there are often few other activities that will serve to occupy their minds and, for some inmates, assists in improving their vocabulary and literacy skills.

21. On information and belief, in the past inmates of the Jail have been permitted to order books, or to have their friends or family members order books for them, directly from book publishers or distributors such as Amazon or Barnes & Noble. Allowing inmates to order books directly from publishers or distributors enables them to obtain literature while minimizing the risk that books will be utilized to traffic contraband into the facility.

22. Beginning approximately a year or two years ago, however, the Jail ceased allowing any books to be sent into the facility, even when sent directly from publishers or distributors. Instead, inmates have been offered two mechanisms for obtaining literature while incarcerated at the Jail.

23. First, inmates have been offered the opportunity to read books that are available on the tablets in each housing pod. This, however, is not an adequate alternative. For one, as noted, not every inmate has a tablet. Instead, there is one tablet for approximately every four inmates, and there is constant competition over the use of the tablet. On top of this, the books available through the tablets are generally those that were published a long time ago and are thus not appealing to most inmates' tastes in literature. It is Mr. Stacy's understanding that this is because these books are limited to those that have entered the public domain, which generally requires that they were published long ago.

24. And second, Mr. Stacy has been informed that inmates may have friends or family members purchase books for them through the Ameelio app, which then enables these books to be downloaded directly to the tablets in each housing pod. As indicated, even were this possible it would not be an adequate alternative as not every inmate has a tablet. On top of this, when Mr. Stacy's girlfriend attempted to purchase a book for Mr. Stacy through the Ameelio app, she was informed that purchasing books for inmates in this manner is not an option in Indiana.

25. Mr. Stacy is an avid reader and enjoys consuming books. He is particularly interested in books pertaining to psychology as well as legal books that might assist him in—or assist him in understanding—various litigation with which he is involved, including multiple cases in which he is representing himself.

26. He would therefore like to order books, or to have his friends or family members order books for him, directly from book publishers or distributors such as Amazon or Barnes & Noble.

For all the reasons noted above, the current alternatives offered by the Jail are not adequate and do not present him with a meaningful opportunity to access literature that interests him.

27. Allowing inmates to receive books sent directly from book publishers or distributors is consistent with the policy of the Indiana Department of Correction as well as numerous other correctional institutions.

28. The Jail's failure to allow books to be sent to inmates directly from book publishers or distributors is not rationally connected to a legitimate penological interest. Allowing inmates to receive books will not pose any deleterious consequences to the operations, staff, or inmates of the Jail. And there are no readily available alternatives for the inmates to exercise their First Amendment rights.

29. Mr. Stacy has filed multiple grievances concerning his inability to access this literature. None of these grievances have been successful, and he has properly exhausted all grievances that are available to him.

30. As a result of the Jail's prohibition on inmate receipt of books, the plaintiff has suffered damages.

31. At all times the defendant has acted or refused to act under color of state law.

32. As a result of the actions or inactions of the defendant, the plaintiff and the members of the putative class are suffering irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

33. The Jail's prohibition on inmate receipt of books violates the First Amendment to the United States Constitution.

**Request for Relief**

       **WHEREFORE,** the plaintiff requests that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Certify this cause as a class action with the class as defined above.

3. Declare that the defendant has violated the rights of the plaintiff and the class for the reasons described above.

4. Issue a preliminary injunction, later to be made permanent, enjoining the defendant to permit inmates to receive books sent directly from publishers or distributors.

5. Award the plaintiff his individual damages, including nominal damages.

6. Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

7. Award all other proper relief.

Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org

*Attorney for the plaintiff and the putative class*

## VERIFICATION

I hereby verify, under penalties for perjury, that the foregoing factual statements are true and correct to the best of my information and belief.

_4-22-~~2024~~ 2024_  
Date

_____  
Kyle Lee Stacy, Plaintiff